PER CURIAM.
In February of 1988, appellant Shamrock Lenses, Ltd., filed suit against appellee Co-burn Optical for claims arising out of the sale of equipment by Coburn to Shamrock. Co-burn answered, counterclaimed, and filed a third party complaint against Shamrock, *373 which in turn answered and asserted affirmative defenses. Thereafter, in January and February of 1990, Shamrock served a notice and two renotices for the taking of deposition of defendant Julio Sibel. In August of 1990, a predecessor court, sua sponte, set a status conference. On October 22, 1990, the predecessor court entered an “Order of Dismissal and Removal of Cause as Pending Case from Computer Printout” without providing notice to either party. Unaware of the dismissal order which had not been furnished to the parties, Shamrock continued to notice its deposition of defendant Sibel in May of 1991, and renotieed the deposition upon the request of Coburn’s counsel on July 11, 1991. On July 22,1991, Coburn moved for a protective order directed to the deposition on the grounds that its counsel had a conflict.
Between July 22, 1991, and July 27, 1992, no record activity took place. On July 28, 1992, Cobum moved to dismiss for lack of prosecution. A hearing was held on October 8, 1992.
The trial court orally granted Coburn’s motion to dismiss for lack of prosecution, and entered the final Order of Dismissal on October 27, 1992. Shamrock now appeals the October 27, 1992 order dismissing its cause of action for lack of prosecution.
Neither Shamrock nor Coburn contend that the Order of Dismissal, dated October 22, 1990, was facially defective. In fact, both concede that, on its face, it clearly dismissed Shamrock’s action.
In view of the fact that an Order of Dismissal was entered on October 22, 1990, and that Order was never appealed nor challenged by a motion filed pursuant to Rule 1.540 of the Florida Rules of Civil Procedure, we find that this Court lacks jurisdiction to entertain this appeal which relates to a subsequent order entered by the trial court approximately two years later.
Appeal dismissed.
JORGENSON and LEVY, JJ., concur.